UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ CASTILLO,<br><br>                           Plaintiff,<br><br>v.<br><br>A. RENTERIA, et al.,<br><br>                          Defendants. | Case No.: 17-CV-2104-CAB-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF NO. 26]** |

Plaintiff Leandro Leonel Gonzalez Castillo filed a civil rights complaint pursuant to 42 U.S.C § 1983 against defendants A. Renteria, L. Romero, and R. Segovia (collectively "Defendants") alleging violations of the First and Eight Amendments. (Compl., ECF No. 1.) Plaintiff now moves for an order compelling supplemental responses to interrogatories and requests for production of documents. (Mot., ECF No. 26.)

**I. BACKGROUND**

Plaintiff alleges that sometime "in the middle of 2015" Renteria solicited Plaintiff to be an informant. (Compl. at 8:22-25.) Plaintiff declined which triggered harassment from Renteria. (*Id*. at 8:25-28.) Plaintiff alleges Romero was complicit in this harassment. (*Id*.) Plaintiff claims that on February 6, 2016 this harassment culminated in a sexual assault by Renteria under the guise of a body search. (*Id*. at 9:5-20.) Plaintiff claims that during a

subsequent investigation, Segovia threatened to kill Plaintiff in retaliation for reporting the incident. (*Id*. at 10:23-27.)

Plaintiff filed his Complaint on October 12, 2017. (Compl.) On April 24, 2018, the Court entered a Scheduling Order, formally opening discovery in the matter. (ECF No. 13.) On May 15, 2018, Plaintiff served on Defendants his first set of interrogatories. (Mot. at 5:24-26.) On or about June, 13, 2018, Defendants served on Plaintiff their responses to Plaintiff's interrogatories. (Mot. at 76.) On July 8, 2018, Plaintiff served on Defendants his first set of requests for production of documents. (Mot. at 6:9-11.) On or about August 21, 2018, Defendants served on Plaintiff their responses to the requests for production of documents. (Mot. at 94, 101, 112.) On October 11, 2018, Plaintiff filed the present Motion. Defendants filed an Opposition on October 31, 2018. (Opp'n, ECF No. 27.)

## II. **LEGAL STANDARD**

Pursuant to Rule 26, a party:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The party "seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements" and the "party opposing discovery bears the burden of showing that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 280-81 (N.D. Cal. 2015); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *see also U.S. Fidelity and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, fn. 10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery[.]").

## III. DISCUSSION

Plaintiff moves for compelled responses to his first set of interrogatories and requests for production of documents. Plaintiff claims the information sought is "highly relevant" without providing any further explanation as to how the information is relevant. (Mot. at 13:21.)

**A. Interrogatory Nos. 20 and 21**

Interrogatory No. 20 asks:

Do you have [sic] ever been disciplined in the California Department of Corrections and Rehabilitation?

(*Id*. at 31.)

In response to this, Defendants objected on the grounds that, *inter alia*, the interrogatory is overbroad as to time and that it is not "limited to incidents that are substantially similar to the claims in the lawsuit," and that it seeks "confidential information that is integral to the safety and security of the institution, staff, and inmates, and cannot be released to the inmates." (*Id*. at 49:25-50:7.) Defendants then responded they were not disciplined for sexual assault or failing to protect an inmate from sexual assault. (*Id*. at 50:8-11; at 62-63; at 74-75.) In addition, Segovia's response includes a denial of any discipline for retaliation given the additional allegation against Segovia.

Interrogatory No. 21 asks:

If you have been disciplined; Please, specific [sic] the reason why?

(*Id*. at 32.)

Defendants made the same objections and provided the same response to interrogatory 21 as interrogatory 20. Plaintiff simply claims the information he seeks is highly relevant. (*Id*. at 13:21.) Without something more, Plaintiff has failed to meet the low burden of establishing relevancy. This is because Plaintiff's request seeks everything from potentially highly relevant disciplinary records involving sexual assault to administrative discipline due to something as benign as tardiness. However, assuming *arguendo* Plaintiff had met his burden, the outcome would be no different. As Defendants point out, the

interrogatories are overbroad on their face because there is no limitation to scope. Moreover, in the context of prisoner litigation, courts have limited historical information of prison staff to the context of the allegations in the subject complaints. *See Johnson v. de la Trinidad*, 2018 WL 3417568, at *2 (S.D. Cal. 2018) (inmate only entitled to complaints regarding excessive force where complaint alleged excessive force); *Robinson v. Adams*, 2011 WL 2118753, at *17 (E.D. Cal. 2011) (same). Accordingly, the Court finds Defendants answers to interrogatories 20 and 21 to be sufficient and sustains their objections.

**B. Interrogatory No. 22**

Interrogatory no. 22 is directed at Renteria only and asks:

> How Defendant R. Segovia, became your witness in the staff complaint appeal # RJD-B-16-02860, against you? (exhibits# 37 and 38 in the Complaint Under the Civil Rights Act 42 U.S.C. § 1983). [sic]

(Mot. at 51.) Renteria objected that the interrogatory assumed facts not in evidence and then responded that he "did not know why [Segovia] was questioned." (*Id*.) Plaintiff has provided no argument regarding the relevance of this interrogatory or any context for the Court. Accordingly, the Court finds Plaintiff has failed to meet his burden that the request satisfies the relevancy requirements and no further response from Defendants is required.

**C. Requests for Production**

Plaintiff claims Romero has provided insufficient responses to requests for production of document nos. 5 and 6, Renteria to request nos. 6 and 7, and Segovia to request no. 8. (*Id*. at 6:16-23.)

Request No. 5 served on Romero seeks:

> Any and all formal and informal written complaints (including but not limited to 602 forms) against you, alleging excessive use of force, that accurred [sic] in Richard J. Donovan Correctional Facility, (including all written responses, appeals, reports, investigations, and/or correspondence regarding the

4

|   |   |
|---|---|
| 1 | complaints).[1,2] |
| 2 | (*Id*. at 83.) Request No. 6 served on Romero seeks: |
| 3 | Any and all documents relating that you have been disciplined for excessive |
| 4 | use of force against prisoners in Richard J. Donovan Correctional Facility.[3] |
| 5 | (*Id*. at 83-84.) |

In response to this, Defendants objected on the grounds that, *inter alia*, the interrogatory is overbroad as to time and that it is not limited to incidents "that are substantially similar to the claims in the lawsuit," and that it seeks "confidential information that is integral to the safety and security of the institution, staff, and inmates, and cannot be released to the inmates." (*Id*. at 92:16-93:1, 99:1-15, 108:3-13.) Defendants limit their response to those of sexual assault and declare that "no such documents exist." (*Id*.)

As with the interrogatories above, Plaintiff fails to establish how complaints and other documents regarding excessive force generally, rather than sexual assault, relates to the claims in the present case. Given this, the Court sustains Defendants objections.

## IV. CONCLUSION

For the above reasons, Defendants objections are **SUSTAINED** and Plaintiff's Motion to Compel is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 17, 2018

Hon. William V. Gallo
United States Magistrate Judge

---

[1] Request for production no. 6 served on Renteria is identical except it limits the scope to those complaints occurring after March of 2015. (Mot. at 80.)

[2] Request for production no. 8 served on Segovia is identical except it is not limited to complaints originating at Richard J. Donovan Correctional Facility. (*Id*. at 86.)

[3] Request for production no. 7 served on Renteria is identical except it limits the scope to those complaints occurring after March of 2015. (Mot. at 80.)

5

17-CV-2104-CAB-WVG