UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ CASTILLO,<br><br>         Plaintiff,<br><br>v.<br><br>A. RENTERIA, et al.,<br><br>         Defendant. | Case No.: 17cv2104-CAB-WVG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 38] AND GRANTING MOTION FOR SUMMARY JUDGMENT [Doc. No. 30]** |

  Plaintiff Leandro Leonel Gonzalez Castillo ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed his complaint on October 12, 2017, pursuant to 42 U.S.C. §1983 claiming violation of his constitutional rights under the First and Eighth Amendments. [Doc. No. 1.] On March 27, 2019, Defendants A. Renteria, R. Segovia, and L. Romero ("Defendants") filed a motion for summary judgment. [Doc. No. 30.] On April 24 and 25, 2019, Plaintiff filed opposition to the motion for summary judgment. [Doc. Nos. 32, 33.] On May 20, 2019, Defendants filed a reply to the opposition. [Doc. No. 35.]

  On August 5, 2019, Magistrate Judge William V. Gallo issued a Report and Recommendation ("Report") to grant the motion for summary judgment. [Doc. No. 38 at 13.] On August 29, 2019, Plaintiff filed objections to the Report. [Doc. No. 39.] Having

1

reviewed the matter *de novo* and for the reasons set forth below, the Report is **ADOPTED** and the motion for summary judgment is **GRANTED** in favor of Defendants.

REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*).

DISCUSSION

A. Background.

The Report contains a complete summary of the undisputed facts as obtained from the complaint and Plaintiff's own deposition [Doc. No. 38 at 2-3] and, therefore, the summary is adopted in full.

B. Eighth Amendment claim against Renteria.

Plaintiff alleges Renteria violated his Eighth Amendment right to be free from cruel and unusual punishment because Renteria sexually assaulted him during two clothed body searches on February 6, 2016 and June 25, 2016. [Doc. No. 1 at 9-10.]

1. February 6, 2016.

Based on Plaintiff's own deposition testimony, the February 6, 2016 incident amounted to Renteria momentarily squeezing Plaintiff's buttocks during a fully clothed pat-down in Donovan's prison recreation yard. According to Plaintiff's deposition, the squeezing was only "seconds long," it was not done in a "harsh way," Renteria's actions

were done "clowning around like that," Renteria did not pat down Plaintiff's groin areas, and Renteria did not make any sexually suggestive comments during the incident.

As noted by the Magistrate Judge, such conduct is not objectively egregious. Generally, inmate sexual harassment claims that allege brief inappropriate touching by a correctional officer are not cognizable, particularly where the alleged touching occurred pursuant to an authorized search. *See e.g., Watison v. Carter*, 668 F.3d 1108, 1112-13 (9th Cir. 2012) (inmate's allegations an officer entered his cell and approached him while he was on the toilet, then rubbed his thigh against the inmate's thigh, "began smiling in a sexual [manner], and left the cell laughing," did not support a violation of the Eighth Amendment); *Berryhill v. Schiro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (finding two brief ("mere seconds") touches to the inmate's buttocks during horseplay did not violate the Eighth Amendment); *Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. 2005), abrogated in part on other grounds by *Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018) (officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in a degrading manner was "isolated, brief, and not severe" and therefore, failed to meet Eighth Amendment standards*); Osterloth v. Hopwood*, No. CV 06 152 M JCL, 2006 WL 3337505, *6, *7 (D. Mont. 2006) (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer, "that was pretty much sexual assault," and officer responded, "yah pretty much.").

In his objections, Plaintiff cites to *Mathie v. Fries*, 935 F.Supp. 1284, 1301 (E.D.N.Y. 1996) for the proposition that "unwanted and prohibited sexual abuses on the powerless plaintiff is objectively unreasonable." [Doc. No. 39 at 4.] However, *Mathie* involved allegations that the officer "intentionally, deliberately and sadistically sexually abused an inmate and committed sodomy on him while he was handcuffed." 935 F.Supp. at 1301. Nothing close to such conduct occurred here, as Plaintiff testified Renteria

briefly touched plaintiff's buttock incident to a search and without sexual comment. Thus, Renteria's conduct does not rise to the level of an Eighth Amendment violation.

In addition, Renteria's conduct fails to satisfy the subjective requirement that he had a "sufficiently culpable state of mind,"[1] as Plaintiff testified that Renteria was "clowning around like that," and made no sexual comments. *See Berryhill*, 137 F.3d at 1076. In his objections, Plaintiff argues that Renteria possessed the requisite state of mind because "his actions were with the only intent to abuse, arouse or gratify sexual desire." [Doc. No. 39 at 5.] However, Plaintiff has provided no <u>evidence</u> of such state of mind,[2] and Plaintiff's own testimony is that Renteria was "clowning around." Therefore, no Eighth Amendment violation is shown.

2. June 25, 2016.

More than four months later, Renteria again conducted a fully-clothed pat-down of Plaintiff in the prison yard on June 25, 2016. This time, Renteria touched Plaintiff's nipples during the course of the pat-down. While standing behind Plaintiff, Renteria searched the sides of Plaintiff's torso, then Plaintiff's stomach, and then his hands went up to Plaintiff's chest. Renteria's hands were open, and his fingers were apart as he rubbed and "caressed" the front of Plaintiff's torso. When Renteria reached Plaintiff's nipples, Plaintiff alleges Renteria started "rubbing" Plaintiff's nipples with an open hand with his hand flat on Plaintiff's chest as he swept Plaintiff's torso. The touching of Plaintiff's nipples lasted no more than fifteen to twenty seconds. Thereafter, Renteria completed the search by patting the bottom part of Plaintiff's legs.

---

[1] *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

[2] Plaintiff "cannot defeat summary judgment with allegations in the complaint . . . ." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Instead, in order to demonstrate that a genuine dispute of facts exist, plaintiff must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

4

As noted by the Magistrate Judge, this conduct fails to satisfy the requirement that the touching be objectively serious because this was a one-time isolated touching of non-genitalia and no sexual comments were made. [*See* Report at 7 and cases cited therein.] In addition, there is no evidence that Renteria's subjective mental state was to sexually assault Plaintiff. Therefore, no Eighth Amendment violation is shown.

### C. Eighth Amendment Claim Against Romero.

Plaintiff alleges that Romero violated his Eighth Amendment rights because he was present during the two Renteria searches at issue, observed the alleged assaults, but did not intervene. [Doc. No. 1 at 14-15.] Given that there are no Eighth Amendment violations by Renteria, Romero cannot be vicariously liable for his actions.

### D. Qualified Immunity.

As the Magistrate Judge correctly noted, Renteria and Romero are entitled to qualified immunity because there were no Eighth Amendment violations. Moreover, even if one were to assume an Eighth Amendment violation, Renteria (and therefore Romero) are nonetheless entitled to qualified immunity because no court has held that the minimal touching Plaintiff experienced here was sufficiently objectively serious to rise to the level of an Eighth Amendment claim.

### E. First Amendment claim against Segovia.

Plaintiff alleges that Segovia retaliated against him by threatening to choke and kill him because of the prison grievances he had filed against Renteria and Romero. In order to prevail on a First Amendment retaliation claim in the prison context, Plaintiff must prove (1) "that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

As noted by the Magistrate Judge, Plaintiff's complaint and testimony show that he cannot meet the fourth element, because Segovia immediately retreated from his physical threat once Plaintiff saw his nametag, and Plaintiff knew that no more intimidation would

5

17cv2104-CAB-WVG

follow. Thus, Plaintiff cannot establish the "chilling effect" element of his First Amendment claim.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS**:

1. The Report and Recommendation is **ADOPTED IN FULL**;

2. Defendants' motion for summary judgment is **GRANTED**;

3. The Clerk of Court shall enter judgment for Defendants and **CLOSE** the case.

**IT IS SO ORDERED**.

Dated: September 10, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge